

# ARKANSAS COURT OF APPEALS
### DIVISION III
#### No. CV–15–1012

| | |
|---|---|
| PHILIP ROBERTS       APPELLANT<br><br>V.<br><br>ED DELL WORTZ       APPELLEE | **Opinion Delivered:** November 2, 2016<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CV-2013-101]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>REMANDED TO SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## RAYMOND R. ABRAMSON, Judge

Philip Roberts appeals the Sebastian County Circuit Court's order dismissing his complaint against Ed Dell Wortz with prejudice. On appeal, Roberts argues that the court abused its discretion in dismissing his complaint because he withheld discoverable information. Because of deficiencies with the record, addendum, and brief, we are unable to reach the merits of his argument at this time.

On August 17, 2015, the circuit court entered its order dismissing Roberts's complaint with prejudice because he failed to supplement a discovery response. The court noted, "[T]his is [Roberts's] second discovery violation during the pendency of the case. The first was characterized by the Court as inadvertent at the time of its discovery. Subsequent events cast doubt on that characterization."

Roberts references his first discovery violation in the argument section of his brief. He states that on December 4, 2014, the court found that the violation was inadvertent and denied Wortz's related motion to dismiss. For this proposition, Roberts cites the addendum for a circuit court order dated December 5, 2014. In that order, the court continued the trial date but the order does not reference a discovery violation or Wortz's motion to dismiss. The December 5, 2014 order states, "For the reasons set forth in the Court's letter to counsel dated December 4, 2014, this matter is hereby continued."

However, the December 4, 2014 letter is not included in the addendum or the record. The court specifically relied on its findings as to Roberts's first discovery violation when it dismissed his complaint for his second violation, and without the letter, we are unable to understand the reasoning behind the court's findings as to the first violation, which renders appellate review difficult. If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e). Accordingly, we remand the case to the circuit court to supplement the record with the December 4, 2014 letter.

We also take this opportunity to address two deficiencies in Roberts's brief. First, Roberts's addendum contains many documents that are irrelevant to the issue on appeal. For example, the addendum unnecessarily includes exhibits pertaining to Roberts's business interests and his financial and tax records. An abstract and addendum can be deficient for containing too much material, as well as too little. *Am. Transp. Corp. v. Exch. Capital Corp.*, 84 Ark. App. 28, 129 S.W.3d 312 (2003). Second, in the argument section of his brief,

Roberts makes many assertions without appropriate citation to the abstract or addendum. Ark. Sup. Ct. R. 4–2(a)(7) requires that "reference[s] in the argument portion of the parties' briefs to material found in the abstract and addendum shall be followed by a reference to the page number of the abstract or addendum at which such material may be found." Because of these deficiencies, we also find that rebriefing is necessary here.

Accordingly, for these reasons, we direct Roberts to file with our clerk's office, within thirty days from the date of this order, a certified, supplemental record. *See* Ark. R. App. P.–Civ. 6(e) (2015); *McCoy v. Jackson*, 2011 Ark. App. 456. Upon filing the supplemental record, Roberts shall have fifteen days in which to file a substituted abstract, addendum, and brief. *See* Ark. Sup. Ct. R. 4–2(b)(3) (2015). We encourage appellate counsel to review our rules to ensure that no additional deficiencies are present.

Remanded to supplement the record; rebriefing ordered.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Chaney Law Firm, P.A.*, by: *Don P. Chaney*, for appellant.

*Huckabay Law Firm, PLC*, by: *D. Michael Huckabay, Jr.* and *Kathryn B. Knisley*, for appellee.